IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHASE MEDICAL, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2570-M |
| | § | |
| CHF TECHNOLOGIES, INC., and | § | |
| ENDOSCOPIC TECHNOLOGIES, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are: (1) Plaintiff's Motion to Strike portions of the Answer and Counterclaims of Defendant Endoscopic Technologies, Inc. ("Estech"); (II) Estech's Motion for Leave to Amend its Answer and Counterclaims; and (III) Plaintiff's Motion to Strike portions of the Answer and Counterclaims of Defendant CHF Technologies, Inc. ("CHF"). Defendants have requested oral argument of these Motions. The Court finds oral argument unnecessary. For the following reasons, the Court DENIES Plaintiff's Motions to Strike, and GRANTS Estech's Motion for Leave to Amend its Answer and Counterclaims.

Plaintiff filed its Motion to Strike Estech's Answer and Counterclaims on March 10, 2005. In that Motion, Plaintiff argues the Answer does not properly plead Estech's assertion that Plaintiff engaged in fraud and inequitable conduct. *See* FED. R. CIV. P. 9(b) (requiring allegations of fraud to be pled with particularity). In Response to the Motion to Strike, Estech requests leave to amend its Answer and Counterclaims, so it may withdraw its allegations of fraud and inequitable conduct.

Under FED. R. CIV. P. 15(a), the Court has discretion to grant Estech's request, and it should do so unless the Court uncovers a "substantial reason" for refusing amendment.

1

*Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."). Plaintiff has not asserted any such "substantial reason", and the Court does not find one. Therefore, the Court grants Estech leave to file its Amended Answer and Counterclaims.

Plaintiff, in its Reply, anticipates that the Court will grant Estech's request for leave, and raises new arguments for striking portions of Estech's Amended Answer and Counterclaims. Simultaneously, Plaintiff asserts a Motion to Strike analogous portions of the Answer and Counterclaims filed by CHF Technologies, Inc. ("CHF"). In both filings, Plaintiff argues Defendants have insufficiently pled their affirmative defenses of equitable estoppel, patent misuse, and unclean hands, as well as their counterclaims arising under federal and state antitrust laws.[1]

Under FED. R. CIV. P. 13(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." However, motions to strike are disfavored, and when the contents of a pleading are legally sufficient, but improper for some other reason, a motion to strike should be granted only when the moving party shows that the inclusion of the disputed claims or defenses would cause it prejudice. *See U.S. v. Cushman & Wakefield, Inc.*, 275 F. Supp.2d 763, 767-68 (N.D. Tex. 2002). If the moving party does not show prejudice, the Court should "defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id.* at 768 n.3, citing

---

[1] It would ordinarily be improper for the Court to consider arguments raised for the first time in a Reply Brief. *See Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990). In this case, however, Estech acquiesced to the Court considering Plaintiff's new arguments by joining in Defendants' Response to Plaintiff's Motion to Strike CHF's Answer.

*Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862 (5th Cir. 1962).

Plaintiff first argues Defendants' affirmative defenses should be stricken as legally insufficient. Plaintiff asserts that "it is unknown" whether Defendants' counterclaims and affirmative defenses are based on an unstated allegation that Plaintiff has engaged in fraudulent conduct, and if they are based on such allegations, they are not pled with particularity, as required by FED. R. CIV. P. 9(b). However, the Court does not find any allegations of fraudulent conduct on the face of CHF's Answer and Estech's Amended Answer. Moreover, Defendants, in their consolidated Response to Plaintiff's Motion to Strike CHF's Answer, admit that neither Defendant is currently alleging fraud as part of their counterclaims or affirmative defenses. Defendants have thus abandoned any allegations of fraudulent conduct that might be in their current pleadings. *See Vela v. City of Houston*, 276 F.3d 659, 678 (5th Cir. 2001). Therefore, Defendants' affirmative defenses and counterclaims need not be pled in accordance with FED. R. CIV. P. 9(b). *See also, Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 631 (5th Cir. 2002) (antitrust claims are not held to a heightened pleading standard, and the plaintiff need only include a short and plain statement of the claim showing an entitlement to relief).

Alternatively, Plaintiff argues that Defendants' affirmative defenses are legally insufficient because they do not satisfy the general pleading requirements of FED. R. CIV. P. 8. It argues the Defendants do not allege any facts in support their affirmative defenses of equitable estoppel, patent misuse, and unclean hands. The Court disagrees. Defendants' Answers, when viewed in their entirety, make clear that Defendants' affirmative defenses rely on factual allegations asserted within their counterclaims, including allegations that: (1)

Plaintiff initiated this suit in bad faith with the intention of using it as an "anticompetitive weapon"; (2) Plaintiff misrepresented the scope of its patent in a press release, with the intention of excluding its competitors from the relevant market; and (3) Plaintiff tortiously interfered with Defendants' business relationships.  Plaintiff argues it should not be required to "guess as to what facts alleged in the Amended Complaint purportedly support the asserted defenses", and that Defendants should be required to directly reference the factual allegations that pertain to each affirmative defense.  The Court finds the link between the above-referenced factual allegations and Defendants' affirmative defenses to be reasonably clear.  *See* FED. R. CIV. P. 8(f) (requiring the Court to construe pleadings so as to do "substantial justice").  If Plaintiff requires further detail, it may seek it in discovery.

Plaintiff next argues that several phrases in Defendants' Answers should be stricken because they "create placeholders so that Defendants can assert new causes of action in the future without repleading."  For instance, Plaintiff protests that in Defendants' affirmative defenses and counterclaims, Defendants accuse Plaintiff of violating "general principles" of patent law and antitrust law, and Defendants twice use the phrase "among other things" to broaden the scope of the conduct which they allege makes Plaintiff's patent unenforceable.  Plaintiff argues the vagueness of these phrases prejudices its preparation of its legal strategies.  However, Plaintiff does not cite any authority that portions of an affirmative defense or counterclaim can be stricken on account of imprecision.  Rule 13(f) is facially limited to what the Court deems to be an insufficient defense, or a redundant, immaterial, impertinent or scandalous matter.  The Court finds the phrases at issue do not render Defendants' affirmative defenses insufficient, and they are not redundant or scandalous.  At most, they are vague or surplusage, and are not "so unrelated to plaintiff's claims as to be

unworthy of any consideration as a defense." *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993). Again, discovery should be used to obtain further detail.

Finally, Plaintiff argues that portions of Defendants' seventh affirmative defense should be stricken as redundant. Defendants, in their fifth affirmative defense, allege Plaintiff's claims are barred by equitable estoppel and unclean hands. In their sixth affirmative defense, Defendants allege Plaintiff's claims are barred by misuse. Plaintiff argues the seventh affirmative defense, which alleges Plaintiff's patent is unenforceable, is redundant because the purported unenforceability is explicitly predicated on alleged "misuse of the patent. . . and the doctrines of unclean hands and equitable estoppel". However, Plaintiff has not alleged, or produced any evidence that this purported redundancy causes it prejudice. Therefore, the Court denies Plaintiff's Motion to Strike the seventh affirmative defense. *See Cushman & Wakefield,* 275 F. Supp.2d at 767-68.

For these reasons, Plaintiff's Motions to Strike are DENIED, and Estech's Motion for Leave is GRANTED. The Clerk of Court is directed to file a copy of Estech's Amended Answer and Counterclaims.

**SO ORDERED.**

**DATED:** July 11, 2005.

_____
Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE